UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE  DIVISION

| | |
|---|---|
| DANNY RAY LEE | CIVIL ACTION NO. 07-0853 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed on behalf of petitioner, Danny Ray Lee, pursuant to 28 U.S.C. § 2254.  The petition was filed in the United States District Court for the Middle District of Louisiana on May 14, 2007.  The case was thereafter transferred to this court.  Petitioner is currently confined at the Louisiana State Penitentiary in Angola, Louisiana.  He challenges his 1995 conviction for second degree murder entered in the 16th Judicial District Court for St. Mary Parish, Louisiana for which he is serving a life sentence.

## LAW AND ANALYSIS

This court's records demonstrate that petitioner filed a previous federal petition for writ of *habeas corpus* directly in this court on February 23, 2007 in which he attacked this same conviction. [Court Exhibit 1, Docket Sheet *Danny Ray Lee v. Warden Louisiana State Penitentiary*, Civil Action Number 6:07-cv-339].  In the prior petition, Lee asserted claims identical to those asserted herein.  That petition for federal *habeas corpus* relief was denied and dismissed with prejudice by Judge Melancon on June 28, 2007 because

petitioner's claims were barred by the one-year limitation period codified at 28 U.S.C.

§ 2244(d) .[Court Exhibit 2, Judgment and Report and Recommendation]. Petitioner's

request for a certificate of appealability was denied and the case is currently on appeal in

the United States Fifth Circuit Court of Appeal.

The instant petition is a clearly a second and successive petition under 28 U.S.C.

§ 2244. AEDPA does not define what constitutes a "second or successive" petition.

However, decisions of the United States Fifth Circuit Court of Appeals provide guidance

in determining when a §2254 petition should be considered second or successive for

purposes of  §2244(b)(3).   A prisoner's petition is not second or successive simply because

it follows an earlier federal petition.  *In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998).

Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's

conviction or sentence that was or could have been raised in an earlier petition; or 2)

otherwise constitutes an abuse of the writ." *Id.*  Thus, the provision has been described as

"modified *res judicata* rule" which bars claims which were ripe for disposition at the time

the original petition was filed, but which were inexcusably not raised in that earlier

petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000).  Such

claims are deemed second or successive. *Id.*  The Fifth Circuit has also found that "an

application filed after a previous application was fully adjudicated on the merits is a

second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it

contains claims never before raised." *Graham v. Johnson,* 168 F.3d 762, 774 n. 7 (5th

2

Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner  received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is second and successive.  The claims raised herein are the same claims raised in the earlier filed petition.  Moreover, petitioner's  prior petition was adjudicated on the merits and denied and dismissed with prejudice by this court. Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA.  *See Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations ... operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."); *Barrow v. Cain,* 2007 WL 1035023, *2 (W.D.La. 2007); *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D.La. 2007); *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D.Tex. 2005); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D.Cal.2001) ("[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding

3

that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely); *United States v. Casas,* 2001 WL 1002511, at *2 (N.D.Ill.2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); *United States v. Harris*, 2002 WL 31859440, *3 (E.D.Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."). *See also Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) *citing United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir.1999) (same).  Hence, the instant petition is unquestionably second and successive.

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In  *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate.  The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases.  Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court.  *Id.*

In the instant case, petitioner fails to show that he has made any attempt to obtain authorization for the instant petition.  Moreover, in light of petitioner's previous identical filing which remains pending on appeal in the United States Fifth Circuit Court of Appeal, no practicable purpose would be served by transferring this matter to the circuit court for authorization.  Should the appellate court find in petitioner's favor, his previously filed claims will be reviewed by this court upon remand.  Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has requested such authorization from the Fifth Circuit.  Therefore, the undersigned finds that this petition should be dismissed.

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a

copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 31st day of July, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE